IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| MARK HOUCK | : | NO. 22-323 |

**O R D E R**

AND NOW, to wit, this        day of        , 2022, upon consideration of the Defendant's Motion for Exculpatory Material, it is hereby ORDERED AND DECREED that said Motion is GRANTED, and the Government required to produce the requested material.

**BY THE COURT:**

_____
**J.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| vs. | : | |
| **MARK HOUCK** | : | **NO. 22-323** |

### MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

**MARK HOUCK**, by his attorney, **BRIAN J. MCMONAGLE**, **ESQUIRE**, respectfully requests this Court to enter an Order requiring the prosecutor to turn over all exculpatory evidence within its knowledge, possession or control, to counsel for the defendant. The term "exculpatory evidence" includes all information indicating an absence of guilt on the part of defendant, **MARK HOUCK**, or supporting an affirmative defense to any element of any charge, or in mitigation of his actions or favorable to him at time of sentencing, as well as information tending in any way to affect the strength or weight of the testimony of Government witnesses. This request for exculpatory evidence includes, but is not limited to:

1.  Statements of all witnesses, whether oral or written, made to any Government agent or informant, in relation to these cases, whether or not the Government intends to call said witness, agent or informant at trial in this case.

2.  All statements, oral or written, of defendant to any Government agent or individual working on behalf of the Government, or to any person known to the Government, which tend in any way to exculpate him.

      3.      The results of, or reports of, any scientific or analytical examinations made in reference to this case which tend to exculpate defendant.

      4.      Any documents, whether official or informal, in any way relating to the subject matter of these cases which tend to exculpate defendant.

      5.      The name and whereabouts of any and all witnesses who have information tending in any way to exculpate defendant.

      6.      Any and all exculpatory evidence derived from all statements made by defendant to federal or local Government agents, employees and informants, whether written or oral.

      7.      All video evidence in the possession of the Government involving the incidents in question or of the location in question which depict the defendant and/or the complainant. This includes video of any previous encounters between the parties which may be favorable to the accused.

      8.      Any surveillance photographs, tape recordings made of any Government witnesses which tend to reveal his involvement in criminal activity, or which discredit statements or testimony, which he has given.

      9.      The record of criminal arrests and convictions of all Government witnesses and all individuals who provided the Government with information or assistance in reference to these cases.

      10.      A summary of all benefits given and threats or promises made to all witnesses for the Government and all individuals who provided the Government with information or assistance in reference to these cases.

      11.      Any information known to the Government or to any of its agents or informants which tends to indicate that any and all Government witnesses have been involved in criminal

activity regarding which no criminal charges have been filed.

12. Any information known to the Government or any of its agents or informants which would tend to indicate that any Government witness is the subject of a criminal investigation or facing charges of criminal activity.

13. Any information known to the Government, its agents or informants which tend to indicate that any potential Government witness has ever testified untruthfully under oath, or made any false statement to a Government agent.

14. Any personnel files of the defendant or any government witnesses, and/or internal affair interviews relating to the defendant, the government witnesses or the crimes charged.

15. All Grand Jury Testimony.

16. Any and all records and interviews from the Private Criminal Complaint brought against the defendant by Bruce Love to the Philadelphia District Attorney's Office.

17. All records pertinent to the criminal history, if any, of Bruce Love.

As grounds for this motion, the defendant states that he is entitled to this information under the Fifth Amendment of the United States Constitution. Arguments advanced in the attached memorandum of law are hereby incorporated by reference.

               Respectfully submitted,

               **s/ BRIAN J. MCMONAGLE**
               **BRIAN J. MCMONAGLE, ESQUIRE**
               **Attorney for defendant**
               **1845 Walnut St. 19th Floor**
               **Philadelphia, PA 19103**
               **bmcmonagle@mpmpc.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| MARK HOUCK | : | NO. 2:22-CR-00323-GJP |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY OF EXCULPATORY EVIDENCE

Brady v. Maryland, 373 U.S. 83 (1963) stands for the proposition that the Fifth Amendment guarantee of a fair trial includes a requirement that the Government disclose to a criminal defendant all information within its possession and control which is material and exculpatory to that defendant. United States v. Agurs, 427 U.S. 97 (1976) expanded upon Brady and created a broad definition of exculpatory evidence, which included evidence which would tend to indicate that the Government's case included perjured testimony, specific exculpatory evidence requested by a defendant in a particular case, and all other evidence tending to be favorable to a criminal defendant. Giglio v. United States, 405 U.S. 150 (1972) establishes that the rule of Brady encompasses evidence tending to impeach Government witnesses. It also establishes that the Government is in possession of evidence for Brady purposes if any Government agent or employee possesses the knowledge or material requested, regardless of

whether or not the Government's specific trial counsel was aware of it.  In Giglio, trial counsel for the Government was unaware of an immunity promise made to its witness by another Assistant United States Attorney.  The court held that the Government was nonetheless responsible for the knowledge that its witness lied when he testified that he was granted no immunity, regardless of whether the perjured testimony was presented deliberately or through neglect, 405 U.S. at 154.

The Third Circuit has reaffirmed the principle that information tending to impeach a Government witness must be disclosed, if material, in United States v. Staruski, 729 F. 2d 256 (3rd Cir. 1984).  Materiality is established where, "viewed prospectively, as the prosecutor views evidence before trial, the testimony of the witnesses incriminates the defendant, and the impeaching evidence significantly impairs the incriminatory value of that testimony," United States v. Oxman, 740 F. 2d 1298 (3rd Cir. 1984) at 1310.

Thus, the defendant is entitled, under his due process right to a fair trial, to all evidence in possession of any Government employee, agent or operative, tending to negate or mitigate his guilt or to support a defense to the charges, or tending to impeach the credibility of any witness to be offered by the Government.

Respectfully submitted,

**s/ BRIAN J. MCMONAGLE**
**BRIAN J. MCMONAGLE, ESQUIRE**
**Attorney for defendant**
**McMonagle, Perri & McHugh, P.C.**
**1845 Walnut St. 19th Floor**
**Philadelphia, PA 19103**
**bmcmonagle@mpmpc.com**

## CERTIFICATE OF SERVICE

BRIAN J. MCMONAGLE, Esquire hereby certifies that a true and correct copy of the within motion has been electronically filed.

                                                **s/ BRIAN J. MCMONAGLE**
                                                **BRIAN J. MCMONAGLE, Esquire**