IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.22-323-GJP |
| | : | |
| MARK HOUCK | : | |
| | : | |

## O R D E R

AND NOW, this _____ day of _____ 2022, it is hereby ORDERED and DECREED that Defendant, MARK HOUCK'S Answer to Motion to bar the Government from introducing in evidence in its Case-in-Chief any documents or testimony concerning prior crimes or bad acts is hereby Granted.

**BY THE COURT:**

**HONORABLE GERALD J. PAPPERT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

V.                                                    CRIMINAL NO. 20-323-GJP

MARK HOUCK                              :

### DEFENDANT MARK HOUCK'S ANSWER TO GOVERNMENT'S MOTION TO INTRODUCE CERTAIN EVIDENCE RELATING TO PRIOR CRIMES OR BAD ACTS

Defendant, MARK HOUCK, by and through his attorney, BRIAN J. MCMONAGLE, ESQUIRE, respectfully moves this Court for an Order barring the Government from introducing at trial certain proposed evidence relating to prior crimes of the Defendant on the basis that said evidence is inadmissible pursuant to Rules 404(b) and Rule 403, Federal Rules of Evidence.

**INTRODUCTION**

On October 12, 2021, defendant Mark Houck and his 13 year old son were praying and counseling down the street from the Planned Parenthood Facility located at 1144 Locust Street in Philadelphia. While there, a volunteer of the abortion clinic, named Bruce Love, approached and physically and verbally confronted Mr. Houck and his son as they were engaging in prayer and peaceful assembly. Mr. Houck and his son were positioned on the corner of Locust street and **were not** in the immediate are of the

Clinic's entrance. Mr. Houck repeatedly asked Mr. Love to return to the clinic, and to stop using foul and abusive language in the presence of his son. During the encounter, after appearing to turn and return to the clinic, Mr. Love aggressively spun and approached Mr. Houck in a threatening manner. Fearing for his safety and the safety of his son, Mr. Houck pushed Mr. Love causing him to fall to the ground. The incident was captured on video.

After the incident, Mr. Love brought a private criminal complaint against Mr. Houck with the Philadelphia District Attorney's Office. In Philadelphia, once a private criminal complaint is made the parties are asked to agree to mediation. Mr. Love refused mediation and therafter the case was transferred to the Philadelphia Municipal Court  for a trial on criminal charges. Ultimately, the charges were dismissed when Mr. Love failed to appear for trial.

On April 27, 2022, the defendant received a target letter from the Department of Justice. Mr. Houck's counsel, Matt Hefron, Esq, contacted the United States Attorney's Office by phone and email and indicated that in the event of indictment he would accept a summons on behalf of Mr. Houck and self surrender him as directed.  He did so in order to avoid armed police officers having to come to Mr. Houck's residence where he lives with his wife and 7 young children. Despite this good faith request, on September 23, 2022, armed state police and federal agents descended on Mr. Houck's home and took him into custody. Obviously, Mr. Houck's wife and children were traumatized by this unnecessary show of force.


Mr. Houck was indicted on two counts of violating 18 USC § 248(a)(1).

On December 5, 2022, the Government filed a motion for admission of evidence of other acts pursuant to Federal Rule of Evidence 404(b) in order to introduce evidence that the defendant allegedly assaulted the complainant Bruce Love before the incident charged in the indictment. This evidence should be excluded at Mr. Houck's trial for the reasons set forth below.

**ARGUMENT**

Federal Rule of Evidence, 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character."

In *Michaelson v. United States*, 335 U.S. 469, 476, 69 S.Ct 213, 93 L.Ed 168, our nation's highest court espoused the view that "logically speaking, it is quite clear that an antecedent bad character would form quite as reasonable a ground for the presumption and probability of guilt as a previous good character lays the foundation of innocence." As the Supreme Court said in *Huddleston vs. United States*, 485 U.S. 681, 685, 99 L.Ed.168 ( 2d 771, 780, 108 S.Ct. 1496 (1988), the rule "generally prohibits" the introduction of extrinsic acts that might adversely reflect on the actor's character, unless that evidence is sufficiently probative under Rule 403 such that it's probative value is not outweighed by any inherent danger of unfair prejudice.

Without going on at length, there is no doubt that our Circuit has been traditionally zealous in guarding a defendant's right not to have evidence of other crimes improperly introduced, *See e.g. United States vs. Schwartz*, 790 F.2d 1059 (3rd Circuit

1986); *United States vs. Pantone*, 609 F.2d 675 3rd Cir. (1979); *United States vs. Cook*, 538 F.2d 1000 3d. Cir. (1976); *United States vs. Jacangelo*, 281 F.2d 574 3rd Cir (1960).   In *United States v. Murray*, 103 F.3rd 310 (1997), our Circuit articulated the view that trial judges should exercise great care before admitting evidence that is allowed by Rule 404(b).  In *Murray*, the trial Court admitted evidence under Fed. R. Evid. 404(b) and 403 that he had committed a Murder not charged in the indictment.  In *Murray*, as in the instant case, the prosecution sought to introduce evidence of an uncharged crime that had occurred in the past which was similar in terms of the Modus Operandi of the case at trial.

In reversing the conviction, the Third Circuit stressed that 404(b) evidence carries a substantial danger of unfair prejudice and thereby raises serious questions under Federal Evidence Rule 403.  Moreover, the Court in *Murray* advised the trial Courts to insist that a party offering Rule 404(b) evidence set forth with specificity a clear explanation for the admissibility of such evidence.

More recently, in *United States v. Caldwell*, 760 F.3d 267 (2014), the court traced the history of juristic review of prior criminal acts and recognized that "over time courts and commentators came to appreciate the uniquely prejudicial impact that prior bad act evidence has on a jury." The court in *Caldwell* stressed that "a proponent's incantation of the proper uses of [prior act] evidence…does not automatically transform inadmissible evidence into admissible evidence." (quoting from *United States v. Morley*, 199 F.3d 129,133 (3d Cir.1999).  The *Caldwell* court astutely observed "the task is not merely 'to find a pigeon hole in which the proof might fit in, but to actually demonstrate that the evidence proves something other than propensity. (quoting Mueller, *Federal*

*Evidence* sec. 4:28, at 731. As such, "in proffering such evidence, the government must explain how it fits into a chain of inferences that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Caldwell*, supra, quoting *United States v. Davis*, 726 F.3d 434,442, (3d Cir. 1992).

Recognizing, the enormous prejudice occasioned by the introduction of such evidence, our courts have been vigilant in protecting citizens from propensity evidence. Prior act evidence is inadmissible unless the government can demonstrate that the evidence is (1) offered for a proper non-propensity purpose; (2) relevant to that identified purpose; and (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice. *United States* v. *Huddleston*, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed 2d 771 (1988*); United States v. Davis*, *supra; United States v. Caldwell, supra*.  An application of the aforementioned formula to the proffered evidence in the instant case compels the conclusion that the evidence must be excluded.

In the instant case the government seeks to introduce evidence that Mr. Houck allegedly assaulted Mr. Love six months prior to the charged Face Violation. Significantly, this incident is alleged to have occurred when Mr. Love took Mr. Houck's leaflets in the PPC courtyard, which is under video surveillance. However, no video exists to corroborate the accusation, and no criminal charges were ever filed. Most importantly, the previous encounter did not involve a violation of the FACE statute, and Is not relevant under 404(b). The admission of such non relevant evidence would cause confusion of the issues raised in the case.

It is unmistakably clear that the Government is trying to disguise propensity

evidence as motive evidence. There is simply no escaping the fact this evidence is being introduced to show that Mr. Houck was acting in conformity with this alleged conduct on the date of the charged incident. The government ignores the general rule of exclusion that is based on the concern that a jury could infer that because a defendant had previously committed crimes or other bad acts, that the defendant is more likely to have committed the crime charged. *United States v. Sriyuth,* 98 F.3d (3rd Cir. 1996).

If the Court finds that the prior act evidence is being offered for a proper purpose and is relevant to proving a FACE act violation, Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations upon due delay, waste of time, or needless presentation of cumulative evidence." Even highly probative evidence is subject to balancing. *United States v. Driggs,* 823 F.2d 52 (3rd Cir. 1987). Under Rule 403, "[u]nfair prejudice refers to evidence which tends to suggest a decision on an improper basis." There can be no dispute here that a jury could infer that if Mr. Houck assaulted Mr. Love in the past, he must have done so on the date of the charged incident.

It is important to note that the government suffers no prejudice from the exclusion of this evidence. The charged conduct in this case was captured on video and it occurred in the presence of others. The government will be able to play the video and call its witnesses in their effort to transform this encounter into a federal offense.

Most importantly, the government can offer no argument to prove that the introduction of this evidence is not unduly prejudicial. It is beyond cavil that exposing this jury to an alleged previous assault will prejudice the defendant to a point where it

will be impossible for him to receive a fair trial.

WHEREFORE, Defendant Mark Houck, respectfully requests that this Court grant his answer to bar the Government from introducing evidence of prior bad acts.

                          **Respectfully submitted,**

                          **/s/ BRIAN J. MCMONAGLE, ESQUIRE**
                          **Attorney for Defendant**

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing motion has been served by ELECTRONIC FILING.

/s/BRIAN J. MCMONAGLE, ESQUIRE
Attorney for Defendant

Dated: DECEMBER 16, 2022