IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-323 (GJP) |
| MARK HOUCK | : | |

## ORDER

**AND NOW**, this _____ day of _____ 202__, after reviewing the submissions by the government and defense counsel, and after a hearing on this matter;

It is hereby **ORDERED** that the defendant's Motion in Limine No. 2 is **DENIED** as **MOOT**.

BY THE COURT:

_____
**THE HONORABLE GERALD J. PAPPERT**
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-323 (GJP) |
| MARK HOUCK | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 2**

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, Kristen Clarke, Assistant Attorney General for the Civil Rights Division, Anita Eve, Assistant United States Attorney, and Sanjay Patel, Trial Attorney, files this Response to Defendant's Motion in Limine No. 2. For the reasons that follow in this Response to the defendant's Motion, the government submits that the Motion should be denied as moot.

A.   Background

Defendant Mark Houck stands before this court charged in an indictment with violating the Freedom of Access to Clinic Entrances Act (FACE Act), 18 U.S.C. § 248(a)(1) (Counts One and Two). The charges arise out of two assaults that occurred at the Elizabeth Blackwell Health Center, Planned Parenthood Clinic (hereinafter "PPC" or "the Clinic") on October 13, 2021. According to the indictment, the defendant used force against B.L. to injure, intimidate, and interfere with B.L. because B.L. was a provider of reproductive health services. Count One of the indictment alleges that the defendant initially shoved B.L. to the ground as B.L. attempted to escort two PPC patients. Count Two alleges that the defendant subsequently verbally confronted B.L. and then forcefully shoved B.L. to the

ground in front of the PPC, causing B.L. to fall to the ground and suffer bodily injury.

The assault alleged in Count One occurred when B.L. attempted to assist two females after they had exited the Clinic and crossed 12th Street headed westbound on Locust Street. The defendant began following the patients and B.L. attempted to escort the patients, when the defendant pushed B.L., causing him to either fall and hit a wall and/or fall to the ground. In either case, the defendant assaulted B.L. The second assault alleged in Count Two occurred a short time later after the defendant and B.L. returned to the 1100 block of Locust Street. The defendant and B.L. engaged in a verbal exchange at the corner of 12th and Locust Streets, where the defendant's 12- to 13-year-old son was located. In the exchange of words, the defendant threatened to push B.L. into the traffic on Locust Street. As B.L. walked away from the corner of 12th and Locust Streets and headed toward the entrance to the Clinic, the defendant approached B.L., tapped B.L.'s back, which caused B.L. to turn around, and the defendant forcefully pushed B.L.'s chest and caused B.L. to hit the ground and injuries to B.L. that required medical attention.

In order to prove the charged offenses beyond a reasonable doubt, the government must introduce evidence that proves the following elements: (1) the defendant used force; (2) the intentionally injured, intimidated, and interfered with B.L., or attempted to do so; and (3) the defendant acted because B.L. was a provider of reproductive health services. In the case of Count Two, the government must also prove that B.L. suffered injuries. The government anticipates meeting its burden of proof by way of testimonial evidence from B.L. and witnesses to the assaults by the defendant on October 13, 2021, and the defendant's knowledge of B.L.'s role as a reproductive healthcare provider at the Clinic

prior to and on October 13, 2021. Additionally, the government intends to introduce surveillance footage of the sidewalk area outside the Clinic captured by the stationary camera at the Clinic on October 13, 2021 and testimonial and photographic evidence of B.L.'s injuries.

  B. <u>The Defendant's Motion in Limine</u>

The defendant requests that this Court issue a ruling limiting the government from introducing the following evidence in its case-in chief:

  1. Evidence of the defendant's college football career or his athleticism;

  2. Evidence of the defendant's lawful possession of any firearms, knives, and tools, including his alleged possession of a pocketknife;

  3. Evidence or implication regarding the propriety of the defendant's son being present with the defendant on October 13, 2021;

  4. Evidence regarding a right to an abortion;

  5. Threats and harms to abortion clinic workers by individuals other than the defendant; and

  6. The legislative history of the Freedom of Access to Clinic Entrances Act (FACE Act), 18 U.S.C. § 248(a)(1).

Additionally, the defendant seeks to limit the government from characterizing or referring to him as a "protestor" or that he engaged in "protesting."

  C. <u>The Government's Evidence</u>

The evidence that the government intends to introduce in its case-in-chief does not include any of the evidence delineated by the defendant in Motion in Limine No. 2 in the

above paragraphs 1 through 6. As stated previously in the government's Response to Defendant's Motion in Limine No. 1, the government will rely on evidence of the fact that B.L. had been a volunteer patient escort at the Clinic for more than 30 years and, during that time, both he and the defendant knew each other and may have exchanged words that evidenced their disagreement about their respective roles and how they carried them out. But, on October 13, 2021, the defendant forcefully retaliated against B.L. and pushed him on two occasions, the latter resulting in bodily injury.

The circumstances delineated by the defendant in the above paragraphs 1 through 6 are not part of the government's case-in-chief.

However, the defendant also seeks to preclude the government from referring to him as a protestor and, in his Motion in Limine No. 1, seeks to preclude the government from referring to him as being pro-life or a pro-lifer. Other words that could be used to characterize the defendant are a "pro-life advocate," a "pro-life counselor," etc. Because the indictment makes reference to the defendant being a "protestor," the government will seek, at the time of the pretrial hearing, to have a discussion with the Court regarding the acceptable characterization of the defendant.

It should also be noted that at no time will the government seek to introduce evidence about the services sought by the two PPC patients who exited the PPC on October 13, 2021, that B.L. attempted to escort when he was assaulted by the defendant. Such evidence should surely be protected under the patients' privacy. But, characterization of the Clinic is equally as important as the defendant's characterization because the Clinic provides a number of medical services, including birth control, annual gynecological examinations, breast and cervical

cancer screenings, sexually transmitted disease testing, termination of pregnancies, and other reproductive health services. Thus, this case is not about abortion and, in terms of characterizing the defendant, the government will also be seeking the Court's determination as to how to characterize the Clinic as something other than an abortion clinic, which the defendant has repeatedly referred the Clinic to be.

D.  Conclusion

For the above reasons, the defendant's Motion in Limine No. 2 should be DENIED as MOOT, but the Court must make determinations as to the characterization of both the defendant and the Clinic at the time of the trial and both the presentation of arguments by both the government and the defense.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

KRISTEN CLARKE
Assistant Attorney General for the Civil Rights Division

*Anita Eve*
_____
ANITA EVE
Assistant United States Attorney
SANJAY PATEL
Trial Attorney

Dated: December 16, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within government's Response to Defendant's Motion in Limine No. 2 has been filed and served upon all parties listed on the Electronic Case Filing (ECF) System and is available for viewing and downloading from the ECF system.

*Anita Eve*
_____
ANITA EVE
Assistant United States Attorney

Date: December 16, 2022