# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 22-323 (GJP)** |
| **MARK HOUCK** | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____202__, after reviewing the submission by the government requesting a jury questionnaire,

It is hereby **ORDERED** that the government's Motion is **GRANTED** and the proposed questionnaire shall be provided to prospective jurors in advance of trial, in addition to conducting the regular in-person oral voir dire process on the eve of trial.

**BY THE COURT:**

_____
**THE HONORABLE GERALD J. PAPPERT**
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **Criminal No. 22-CR-323 (GJP)** |
| MARK HOUCK | : | |

### GOVERNMENT'S MOTION FOR A WRITTEN JURY QUESTIONNAIRE

The United States of America, by and through its undersigned counsel of record, respectfully requests that this Court issue a thorough written questionnaire to prospective jurors in advance of trial, in addition to conducting the regular in-person oral voir dire process on the eve of trial.   The government submits the attached proposed jury questionnaire for this Court's consideration.   (Exhibit A).

There are several advantages to using a written questionnaire in advance of bringing prospective jurors to the courtroom for jury selection in this case as it involves assault allegations outside a reproductive health clinic and may touch on sensitive subjects, including religion and reproductive health care.   The questionnaire may help identify persons who report deep-seated biases that impact the jury's charge as an impartial arbiter of facts.   Using the written answers to narrow the number of prospective jurors brought to the courtroom for in-person voir dire may aid the process of impaneling an impartial jury under the circumstances of this case.   At the same time, reducing the number of prospective jurors brought to the courtroom through the screening process afforded by questionnaires may serve an ancillary purpose – alleviating concerns about large, indoor concentrations of persons and exposure to COVID-19 (coronavirus), RSV (respiratory syncytial virus), and flu (influenza).

I.     **INTRODUCTION**

In this case, Defendant Mark Houck is charged by indictment with violations of the FACE Act (18 U.S.C. § 248(a)(1)).   (ECF No. 1).   Specifically, Defendant Houck is alleged to have twice assaulted B.L., a Planned Parenthood volunteer patient escort, because B.L was, and had been providing reproductive health services.   *Id*.   Defendant Houck first allegedly assaulted B.L. on October 13, 2021, as he attempted to escort two Planned Parenthood patients.   *Id*.   Defendant Houck allegedly assaulted B.L. a second time on that same day, causing B.L. to suffer bodily injury.  *Id*.

II.    **A JURY QUESTIONNAIRE WILL BENEFIT THE ADMINISTRATION OF JUSTICE IN THIS CASE BY MORE EFFICIENTLY AND EFFECTIVELY IDENTIFYING BIASES AND PREJUDICES OF PROSPECTIVE JURORS**

   *A. Written Jury Questionnaires Offer Advantages Over Oral Voir Dire Alone*

It has long been recognized that "[v]oir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."  *Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991).   To serve those ends, Federal Rule of Criminal Procedure 24 vests in district courts broad discretion to control the nature and extent of the examination of potential jurors.   Fed. R. Crim. P. 24; *see Mu'Min*, 500 U.S. at 424.   This discretion extends to the decision to submit a jury questionnaire to prospective jurors prior to trial. *See United States v. Martinez-Salazar*, 528 U.S. 304, 308 (2000) ("Prior to jury selection, the District Court gave the prospective jurors a written questionnaire."); *see also United States v. Campa*, 459 F.3d 1121, 1147 (11th Cir. 2006) (describing the district court's voir dire as "a model voir dire for a high profile case" where "the court carefully crafted [questions] with the parties' assistance," which were "detailed and neutral").

In an appropriate case, written jury questionnaires offer several advantages over oral voir dire alone.   Written jury questionnaires (1) have been shown to elicit more candid responses on

sensitive topics; (2) allow jurors more time to think through the questions and give complete answers; (3) encourage shy jurors, who might otherwise not speak up or raise their hands, to share their views; (4) ensure that the venire panel is not tainted by the bias of any single potential juror; and (5) expedite voir dire by providing counsel with advance information concerning each prospective juror.  *See* Lilley, Lin S., *Let Jurors Speak the Truth, in Writing: Some Jurors Aren't Fully Candid during Oral Voir Dire. When You Hand Them a Supplemental Juror Questionnaire and a Pen, Many Will Feel Free to Open up.,* Trial J. for the Am. Ass'n for Just. 41, No. 7, 64–69 (2005); *see also Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 880 (2017) ("Lawyers may use questionnaires or individual questioning of prospective jurors in order to elicit frank answers that a juror might be reluctant to voice in the presence of other prospective jurors.").[1]

Written jury questionnaires are especially valuable in cases involving sensitive and polarizing issues.  For example, written jury questionnaires are regularly used in federal courts across the country, especially in matters involving civil rights and FACE Act prosecutions, to better enable the courts and the parties to filter out potential jurors who are biased for or prejudiced against the parties and to select an impartial jury.  *See, e.g., United States v. Waagner,* No. 02CR582 (E.D.Pa.) (FACE Act prosecution for mailing threatening letters); *United States v. Kopp*, No. 00CR189 (W.D.NY) (FACE Act prosecution for the shooting death of a physician); *United States v. Fattah et al.,* No. 15CR346 (E.D.Pa.) (prosecution for alleged political corruption); *United States v. Hart*, No. 98CR132 (E.D.Ar.) (FACE Act threats prosecution); *United States v. Burge*, No. 1:08CR846 (N.D. Ill.) (prosecution for alleged obstruction of justice related to alleged

---

[1] Questionnaires can be extremely effective at promoting efficiency.  Juror questionnaires were employed in *United States v. Gary Eye et al., No. 05CR344-01 (W.D.Mo.),* and significantly reduced the number of prospective jurors who were required to appear in person for selection.  In that capital prosecution for a racially motivated murder, 334 prospective jurors completed a detailed questionnaire prior to selection, and of those prospective jurors, 142 - approximately 42 percent - were excused for cause by agreement of the parties and the district court prior to the beginning of oral voir dire, and were not required to appear in-person on the date of jury selection.  *Id*. at ECF Nos. 288, 294.

constitutional violations committed under color of law).   Reproductive health care has historically

been, and has more so become, a sensitive and polarizing issue.

In these circumstances, oral voir dire alone is likely to fall short.   Partisanship and strongly

held religious beliefs associated with the reproductive health care issues may lead some

prospective jurors to harbor extraneous, broad predispositions that would inappropriately influence

their determination of the facts of this specific case.   At the same time, those prospective jurors

may not recognize that their own pre-conceived opinions may influence their determinations and

interfere with their ability to be fair and impartial.   *See* Dr. Ken Broda-Bahm, *Take it Seriously:*

*Potential          Jurors          Cannot          Self-Diagnose          Their          Bias*,

https://www.persuasivelitigator.com/2019/09/take-it-seriously-potential-jurors-cannot-self-

diagnose-their-bias (Sept. 16, 2019) (examining social science research, concluding that the "just

ask them" approach to voir dire does not work, and recommending that written questionnaires be

completed by prospective jurors at home).   In these circumstances, "[a] probing voir dire

examination is the best way to ensure that jurors do not harbor biases for or against the parties,"

*Sampson v. United States*, 724 F.3d 150 163–64 (1st Cir. 2003) (citation omitted).

This case not only touches on the subject of reproductive health care, it has also received

significant pretrial publicity.   Jurors may be hesitant to discuss their exposure to publicity or their

positions on reproductive health care issues, especially as they relate to their ability to judge the

facts in this case, particularly before other jurors.   Indeed, the more extreme or strongly held the

juror's view, the greater the likely reluctance to acknowledge that view openly.   Thus, information

that can be expected to affect a juror's ability to judge the case fairly and impartially is less likely

to be revealed during oral voir dire.   The attached proposed jury questionnaire (Exhibit A) affords

privacy and confidentiality, which heightens candor.   *See United States v. Groce*, 682 F.2d 1359,

1361 (11th Cir. 1982) (district court judge "belie[ved] that no prospective juror would admit openly to racial prejudice").   Many people are uncomfortable sharing such views during oral voir dire in front of others who may have diametrically opposed perspectives, while some intentionally hide their views.   *See Price v. Kramer*, 200 F.3d 1237, 1254 (9th Cir. 2000) (During voir dire in alleged officer misconduct trial, one juror "described a negative experience he had with a police officer when he was a teenager," but he withheld "the fact that physical contact occurred" since "he did not think it was . . . important" and "he was trying to be brief."   Another juror "failed to mention, first, that his half-brother was a police officer and, second, that he had participated in a ride-along approximately fourteen years earlier in which he had witnessed improper police conduct."); *Zerka v. Green*, 49 F.3d 1181, 1184 (6th Cir. 1995) ("[T]he court concluded that [juror] deliberately and intentionally concealed his relationships with police officers for two reasons: to get on the jury, and to a lesser extent, because he was embarrassed about speaking in front of other jurors."); *Elmore v. Foss*, No. 2:16-CV-01453-JKS, 2018 WL 6591065, at *6–7 (E.D. Cal. Dec. 14, 2018) ("The trial court found Juror No. 6 . . . intentionally with[e]ld[ ] during voir dire a bias against law enforcement that, if it had been disclosed, would most assuredly have resulted in a peremptory challenge" after "jury was unable to reach a verdict," and other jurors said that "Juror No. 6 made up his mind early and was no longer engaging in deliberations" and "had a bias against police officers or detectives.").

## B.   *A Written Jury Questionnaire is Especially Important under the Circumstances of this Case*

This case, like many civil rights cases that involve potentially sensitive and polarizing issues, calls for the use of a written jury questionnaire.   Due to increased public attention regarding reproductive health care rights, people across the country have developed strong personal convictions on these issues.   The evidence and arguments in this case may touch on

deeply held beliefs in our communities, including feelings of trust and mistrust in the individuals charged with ensuring access to reproductive health care free from the use of force, threats, and physical obstruction.   Identifying individuals' deeply held beliefs may prove necessary for meaningful jury selection.   Oral voir dire alone may not be able to achieve that objective.

Moreover, regardless of how potential jurors feel about reproductive health care generally, potential jurors may have seen media coverage and are likely to have had some exposure to the case and the allegations.   The indictment has received national and local media attention, and it will likely receive more before and during trial.   *See, e.g., Pro-life activist Mark Houck pleads not guilty to federal charges after FBI arrest*, https://www.foxnews.com/us/pro-life-activist-mark-houck-pleads-not-guilty-federal-charges-fbi-arrest (September 27, 2022); *Wife of pro-life activist Mark Houck speaks out after FBI arrest*, https://nypost.com/2022/09/29/wife-of-pro-life-activist-mark-houck-speaks-out-after-fbi-arrest/ (September 29, 2022); *Pennsylvania man charged with assaulting elderly Planned Parenthood volunteer*, https://www.abc27.com/pennsylvania/pennsylvania-man-charged-with-assaulting-elderly-planned-parenthood-volunteer/ (September 23, 2022); *Mastriano says FBI arrest of Bucks County man for alleged assault at Planned Parenthood 'an abuse of power'*, https://news.yahoo.com/kintersville-man-indicted-assaulting-elderly-221151395.html (September 26, 2022); Tucker Carlson Tonight, https://www.foxnews.com/video/6312993029112 (September 28, 2022).

Finally, a written jury questionnaire is beneficial because of the ongoing concerns presented by COVID-19, RSV, and the flu.   Answers provided on the questionnaire may by themselves identify prospective jurors who should be stricken for cause, obviating the need for those individuals to appear in the courthouse for in-person screening during the oral voir dire.

Eliminating those prospective jurors early can reduce concerns about large, indoor concentrations of persons during the pandemic.

III.   **<u>CONCLUSION</u>**

To ensure that the jury empaneled for the trial of this matter will be fair and impartial, the government respectfully asks this Court to consider using a written jury questionnaire.

Respectfully submitted,

JACQUELINE C. ROMERO
UNITED STATES ATTORNEY

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

SANJAY H. PATEL
Trial Attorney
Criminal Section
Civil Rights Division
4 Constitution Square
150 M St. NE, 7.121
Washington, D.C. 20530

*Anita Eve*
ANITA EVE
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the within Government's Motion for a

Written Jury Questionnaire has been filed and served upon all parties listed on the Electronic Case

Filing (ECF) System and is available for viewing and downloading from the ECF system.


*Anita Eve*
_____
ANITA EVE
Assistant United States Attorney


Date: December 21, 2022