**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA   :

    v.      :   **CRIMINAL NO. 22-323 (GJP)**

MARK HOUCK       :

## **PROTECTIVE ORDER**

   **AND NOW**, this ____ day of January 2023, after reviewing the Government's

Motion for a Protective Order concerning the disclosure of discovery material to defendant

MARK HOUCK, in light of the confidential and sensitive information that may be disclosed

to the defendant pursuant to the Government's discovery obligations,

   IT IS HEREBY ORDERED:

   1.  Any and all discovery material the United States produces to the defendant in

discovery shall be reviewed by only (i) the defendant; (ii) the defendant's attorney or attorneys

of record in this case; (iii) employees or agents of those attorneys: (iv) a photocopying or data

processing service to whom it is necessary that the defendant provide the materials for the

purposes of preparation, trial, direct appeal (if any); and collateral attack (if any) of this case;

(v) witnesses or potential witnesses; and (vi) experts or investigators assisting in the

preparation, trial, direct appeal (if any), and collateral attack (if any) of this case.   No

discovery material or copies of any discovery material shall be provided to any individual or

entity except as provided herein or as further ordered by the Court.   Nor shall the contents of

any discovery material be disclosed, in any other manner, to any individual or entity except

as provided in this Order or as further ordered by the Court.

2.      The defendant shall use discovery material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever.  No additional copies of any discovery material shall be made except as necessary for those purposes.  Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendant or his attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3.      The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers.  *See* Fed. R. Crim. P. 49.1.  The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

4.      Upon notification and direction by the United States to defense counsel within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by the defendant, unless the Court (or Government) gives specific written permission for an exception to this requirement.

5.      This Order also applies to any and all individuals to whom the defendant, pursuant to this Order, show or disclose the contents or substance of any material produced to them by the United States.   By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

IT IS SO ORDERED.

_____

GERALD J. PAPPERT
United States District Judge

Dated: _____

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 22-323 (GJP)** |
| **MARK HOUCK** | : | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney, Kristen Clarke, Assistant Attorney General for the Civil Rights Division, and Anita Eve and Sanjay Patel, Assistant United States Attorneys, files this Motion for a Protective Order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure.

The government has provided counsel with redacted copies of discovery that meets and exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963).  For example, the government has provided the defendant with the FD-302s (formal interview reports) for individuals interviewed as part of the investigation in this case. Much of the material the Government already provided has been redacted to preclude the disclosure of sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers, and confidential and sensitive information developed through investigations of law enforcement and the use of the grand jury.  *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's

proceedings conclude).   Accordingly, the government respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the government provides to the defendant in this case.

  While the government has already produced unredacted reports, it intends to finalize the production of the discovery by producing unredacted reports and grand jury transcripts as requested by defense counsel. Therefore, the government requests that, upon entry of the protective order, the produced material be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court.

      Respectfully submitted,

      JACQUELINE C. ROMERO
      United States Attorney

      KRISTEN CLARKE
      Assistant Attorney General for
      Civil Rights Division

      *Anita Eve*
      _____
      ANITA EVE
      SANJAY PATEL
      Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within government's Motion for

Protective Order has been filed and served upon all parties listed on the Electronic Case Filing

(ECF) System and is available for viewing and downloading from the ECF system.


*Anita Eve*
_____
ANITA EVE
Assistant United States Attorney


Date: January 3, 2023