**MCMONAGLE, PERRI, McHUGH,**
**MISCHAK & DAVIS, P.C.**
**BY: BRIAN J. McMONAGLE, ESQUIRE**
**Identification No. 42394**
**1845 Walnut Street, 19th Floor**               **Attorney for defendant**
**Philadelphia, PA 19103**
**215-981-0999; Fax 215-981-0977**
**bmcmonagle@mpmpc.com**

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-323** |
| | : | |
| **vs.** | : | |
| | : | |
| **MARK HOUCK** | : | |

_____


### DEFENDANT MARK HOUCK'S PROPOSED JURY INSTRUCTIONS

Defendant, Mark Houck, by and through his undersigned counsel, Brian J. McMonagle, respectfully requests that the Court incorporate the following proposed jury instructions into the final instructions that the Court may give to the jury. Mark Houck further requests leave of Court to file any additional instruction if the need to do so arises.

Respectfully submitted,

s/Brian J. McMonagle
**BRIAN J. McMONAGLE ESQUIRE**

**DATED:  1/5/23**

## TABLE OF CONTENTS

**Instruction**                                                         **Page**

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
Role of Jury.................................................................................................4

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2
Evidence.....................................................................................................6

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
Direct and Circumstantial Evidence ................................................9

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
Credibility of Witnesses - In General...............................................11

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
Credibility of Witnesses – Law Enforcement Officer………………………………...13

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6
Stipulation of Fact.....................................................................................14

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
Defendant's Choice Not to Testify or Present Evidence…………………………...15

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
Defendant's Testimony………………………………………………………16

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
Not All Evidence, Not All Witnesses Needed……………………………………...17

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
Presumption of Innocence – Burden of Proof – Reasonable Doubt..................18

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11
Intentionality............................................................................................20

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
Motive Explained.....................................................................................21

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
Election of Foreperson – Unanimous Verdict – Duty Not Consider Punishment – Duty to
Deliberate – Communication with the Court ................................................22

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14
Verdict Form.............................................................................................25

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
    Freedom of Access to Reproductive Health Services (18 U.S.C. § 248(a)(1))................26

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
    Elements…...............................................................................................27

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
    Element I: Force……………………….................................................28

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18
    Element II: Intent to Injure, Intimidate, or Interfere…......................................29

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
    Element III: "Providing reproductive health services"…………………………….30

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
    Element IV: Motive…………………………………………………………...31

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21
    Additional Element for Count Two: Bodily Injury…………………………………32

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22
    First Amendment Rights…………………………………………………………33

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23
    Self-Defense............................................................................................34

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24
    Judicial Notice...........................................................................................35

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

**Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in

the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender (*, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community*).

<u>Authorities:</u>
Third Circuit Model Criminal Jury Instruction, No. 3.01 (2021).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

### **Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits; and

3. Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

4. *(Any facts that have been judicially noticed, that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

1. The indictment;

2. Statements and arguments of the lawyers for the parties in this case;

3. Questions by the lawyers and questions that I might have asked;

4. Objections by lawyers, including objections in which the lawyers stated facts;

5. Any testimony I struck or told you to disregard; and

6. Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 3.02 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses B something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 3.03 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Credibility of Witnesses – In General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

1.  The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.  The quality of the witness' knowledge, understanding, and memory;

3.  The witness' appearance, behavior, and manner while testifying;

4.  Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5.  Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

6.  Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7. Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

8. Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 3.04 (2021).

12

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of a(n) law enforcement officer(s). The fact that a witness is employed as a law enforcement officer does not mean that (his)(her) testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. [At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.] You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 4.18 (2021).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>

### <u>Stipulation of Fact</u>

The Government and the defendant have agreed that certain facts as have been presented during trial (is)(are) true. You should therefore treat (this fact) (these facts) as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

<u>Authorities:</u>
Third Circuit Model Criminal Jury Instruction, No. 4.02 (2021).

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**</u>

<u>**Defendant's Choice Not to Testify or Present Evidence**</u>

The defendant did not testify (did not present evidence) in this case. A defendant has an absolute constitutional right not to testify (or to present any evidence). The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

<u>Authorities:</u>
Third Circuit Model Criminal Jury Instruction, No. 4.27 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### Defendant's Testimony

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 4.28 (2021).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>

### <u>Not All Evidence, Not All Witnesses Needed</u>

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

[In this case, the defendant [presented evidence] [produced witnesses]. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]

<u>Authorities:</u>
Third Circuit Model Criminal Jury Instruction, No. 3.05 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Presumption of Innocence – Burden of Proof – Reasonable Doubt

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 3.06 (2021).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

### **Intentionally**

The offenses charged in the indictment require that the government prove that the defendant acted "intentionally" ["with intent"] with respect to certain elements of the offense. This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally" ["with intent"], you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 5.03 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### Motive Explained

Motive is an element of the offenses with which the defendant is charged. Proof of bad motive is required to convict. However, proof of bad motive alone does not establish that the defendant is guilty. Evidence of the defendant's motive may also help you find the defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 5.04 (2021) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

### Election of Foreperson – Unanimous Verdict – Do Not Consider Punishment – Duty to Deliberate – Communication with Court

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is

22

your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]

One more thing about messages: Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 3.16 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### Verdict Form

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

<u>Authorities:</u> Third Circuit Model Criminal Jury Instruction, No. 3.17 (2021).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
### Freedom of Access to Reproductive Health Services

### 18 U.S.C. § 248(a)(1)

The Freedom of Access to Clinic Entrances Act, known as "FACE," makes it unlawful for any person to use force to intentionally injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with anyone because that person is or has been providing reproductive health services, or to intimidate the person from providing reproductive health services.

Authorities:
18 U.S.C. § 248(a)(1).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### Elements

The FACE Act consists of four elements. The Government must prove these four elements beyond a reasonable doubt in order to establish that the Defendant has violated the FACE Act. The elements are:

I. The defendant's behavior constituted force without legal authority.

II: The defendant intended to and did injure, intimidate or interfere with a person.

III: The person is or has been providing reproductive health services.

IV: The defendant used force against the person because the person is or has been providing reproductive health services, or to intimidate the person from providing reproductive health services.

I will now explain these elements in more detail.

Authorities:
18 U.S.C. § 248(a); Lotierzo v. A Woman's World Med. Ctr., 278 F.3d 1180, 1182 (11th Cir. 2002); Allentown Women's Ctr., Inc. v. Sulpizio, 403 F. Supp. 3d 461, 464-65, 468 (E.D. Pa. 2019); Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004); United States v. Mahoney, 247 F.3d 279, 282 (D.C. Cir. 2001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### Element I: Force

The first element requires that a defendant use force without legal authority. In order to find that the government has proven this element you must find that the defendant used force on a person without legal authority. The term force means power, violence, or pressure directed against a person or thing.

Authorities:
New York v. Cain, 418 F.Supp.2d 457, 473 (S.D.N.Y. 2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

### Element II: Intent to Injure, Intimidate, or Interfere

The second element requires that a defendant intend to and actually injure, intimidate, or interfere with a person. In order to find that the government has proven this element you must find that the defendant both intended to injury, intimidate, or interfere with a person and did actually injure, intimidate, or interfere with a person.

"Injury" means any physical or bodily harm done to another person. "Intimidate" means to place a person in reasonable apprehension of bodily harm to himself. "Interfere with" means to restrict a person's freedom of movement.

If you find that the defendant acted inadvertently or by mistake or with some intent other than to purposely injure, intimidate, or interfere with the person he made physical contact with, then you may not find this element of the offense proved.

Authorities:
Black's Law Dictionary, 6th Ed. (1990); U.S. v. Gregg, 32 F. Supp. 2d 151, 156 (D.N.J. 1998);
O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §121.01 (5th Ed. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### Element III: "Providing reproductive health services"

The third element of the FACE Act requires the government to prove that the person alleged to have been injured is or has been providing reproductive health services in a reproductive health facility.

The term "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. The term "facility" includes a hospital, clinic, physician's office, or other facility that provides reproductive health services.

Providing referral, counseling, or other services outside a reproductive health facility does not constitute providing reproductive health services. Protesting or engaging with non-patient individuals outside a reproductive health facility does not constitute reproductive health services.

In order to find that the government has proved this element, you must find beyond a reasonable doubt that the person is or has been providing reproductive health services in a facility.

Authorities:
Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002) ("[T]he FACE Act defines 'reproductive health services' as covering 'reproductive health services provided *in* a hospital, clinic, physician's office, or other facility,' . . . The FACE Act protects individuals who provide reproductive health services in a facility," but Appellants' claims fail because "Appellants were providing referral counseling outside of A Woman's World Medical Center") (emphasis in original).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### Element IV: Motive

The fourth element of the FACE Act requires the government prove that the Defendant acted as he did because the person is or has been providing reproductive health services, as defined above. This element focuses on what motivated the Defendant to act.

In considering motivation, you may consider whether alternate or mitigating reasons exist for defendant's act, other than because the person is or has been providing reproductive health services. For instance, you may consider whether the act took place in front of or away from the entrance to the facility where the person is alleged to provide reproductive health services, whether the person was providing reproductive health services at the time of the act, whether the defendant was provoked by the person, whether the person approached or initiated the interaction with the defendant, whether the situation was a mutually volatile situation, or other factors.

For instance, if you find that the alleged force was used in connection with a mutual argument over a person's positioning on a public sidewalk, or about the exercise of First Amendment rights, or where both parties are equally responsible for coming into close contact with one another, the government has not then shown beyond a reasonable doubt that force was used because the other person was providing reproductive health services.

Authorities:
18 U.S.C. § 248(a)(1), (d)(1), & (e)(5); Allentown Women's Ctr., Inc. v. Sulpizio, 403 F. Supp. 3d 461, 464-65, 468 (E.D. Pa. 2019); Roe v. Aware Woman Ctr. for Choice, Inc., 357 F.3d 1226, 1229-32 (11th Cir. 2004); Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002); United States v. Dinwiddie, 76 F.3d 913, 927 (8th Cir. 1996); United States v. Retta, 840 F. Supp. 2d 262, 265-68 (D.D.C. 2012); Greenhut v. Hand, 996 F. Supp. 372, 376 (D.N.J. 1998); United States v. Scott, 958 F.Supp. 761, 773 (D.Conn. 1997) (citing S. REP. NO. 103-117, at 26); United States v. Hill, 893 F. Supp. 1034, 1039 (S.D. Fla. 1994); Holder v. Hamilton, Dkt. 55, at 4-5 (9/20/12).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### Additional Element for Count Two: Bodily Injury

The offense charged in Count Two additionally requires the government to prove that the defendant's conduct resulted in a person suffering bodily injury.

"Bodily injury" means a significant physical injury that causes impairment of a bodily function or requires medical treatment. It does not include a mere physical impact that causes pain or results in a superficial injury such as a minor bruise or scrape.

Authorities:
Jones v. United States, 526 U.S. 227, 235, 119 S. Ct. 1215, 1220 (1999) ( "Although Congress has explicitly treated *serious bodily injury* as a sentencing factor, *see, e.g.,* 18 U.S.C. § 2262(b)(2) (interstate violation of a protection order); *§ 248(b)(2) (free access to clinic entrances; bodily injury),* it has unmistakably identified serious bodily injury as an offense element in any number of statutes, see, e.g., 10 U.S.C. § 928(b)(2) (assault by a member of the armed forces); 18 U.S.C. § 37(a)(1) (violence at international airports); § 1091(a)(2) (genocide).") (emphasis added); 18 USC § 248(b)(2)(the "bodily injury" provided in FACE Act is significant enough change a 1-year maximum sentence to a 10-year maximum sentence); United States v. Nasir, 17 F.4th 459, 473 (3d Cir. 2021) (Bibas, J., concurring) ("Under the rule of lenity, courts must construe penal laws strictly and resolve ambiguities in favor of the defendant," including because it "serves our nation's strong preference for liberty" and against "men languishing in prison unless the lawmaker has clearly said they should") (citing Liparota v. United States, 471 U.S. 419, 427 (1985)) (internal quotations omitted).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22

### First Amendment Rights

The First Amendment specially protects the freedom of speech in traditional public places because they have historically been sites for discussion and debate. The government must allow "adequate breathing space" for speech. Speech includes peaceful activities, such as one-on-one conversations and leafletting. Public places traditionally include streets, sidewalks, and public parks.

The First Amendment guarantees the right to have conversations with people entering or leaving a reproductive health services facility while they are walking on public sidewalks and streets. The FACE Act does not prohibit expressive conduct or activities that are protected by the First Amendment. Engaging in a discussion or dialogue with another on a public sidewalk about abortion is an exercise of First Amendment rights and is not providing reproductive health services in a facility.

The Court has taken judicial notice of the fact that the sidewalks and streets where the events described in Counts One and Two of the indictment are alleged to have occurred are public places, where First Amendment activities are permitted.

**Authorities:**
McCullen v. Coakley, 573 U.S. 464 (2014); Snyder v. Phelps, 562 U.S. 443, 452 (2011); Madsen v. Women's Health Ctr., 512 U.S. 753, 768 (1994); United States v. Grace, 461 U.S. 171 (1983), 18 U.S.C. § 248(d)(1).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

### **Self-Defense**

There has been evidence introduced that the defendant acted in self-defense or in defense of his son. The law recognizes the right of a person who is not the aggressor to stand his ground and use force to defend himself or another. However, he may use only such force as is reasonably necessary to defend himself or another person against the imminent use of unlawful force.

You are reminded that the burden of proof remains at all times on the government and that the defendant need not call any witnesses, nor offer any evidence. Thus, before you may convict, you must find beyond a reasonable doubt that the government has satisfied its burden of proving that the defendant did not act in self-defense. Therefore, if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty.

Authorities:
First Circuit Pattern Criminal Jury Instruction 5.04.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**

**Judicial Notice**

I have taken judicial notice of the fact that the that the sidewalks and streets where the events described in Counts One and Two of the indictment are alleged to have occurred are public places, where First Amendment activities are permitted.

I believe this fact is of such common knowledge and can be so accurately and readily determined that it cannot reasonably be disputed. You may accept this fact as proven, but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

Authorities:
Third Circuit Model Criminal Jury Instruction, No. 4.03 (2021) (modified).

## CERTIFICATION OF SERVICE

BRIAN J. MCMONAGLE, ESQUIRE, hereby certifies that a true and correct copy of the

within document has been electronically served

> **s/Brian J. McMonagle**
> **BRIAN J. McMONAGLE ESQUIRE**
> **Attorney for Defendant**

**DATED:  1/5/23**