**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal No. 22-CR-323 (GJP)** |
| **MARK HOUCK** | : | |

## GOVERNMENT'S TRIAL MEMORANDUM

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Kristen Clarke, Assistant Attorney General for the Civil Rights Division, and the undersigned counsel of record, hereby submit this Trial Memorandum to aid the Court.

## I.    FACTUAL SUMMARY

The offenses charged in the Indictment arises out of Defendant Houck's use of force against B.L. - a reproductive-health care clinic staff member - during a protest and while B.L. was actively working as a clinic patient escort.  The Indictment charges two Freedom of Access to Clinic Entrances Act (FACE Act) offenses for each of Defendant Houck's uses of force against B.L., in violation of 18 U.S.C. § 248(a)(1).

Planned Parenthood's Elizabeth Blackwell Health Center ("Planned Parenthood" or "Clinic") is a reproductive health care clinic located at 1144 Locust Street, Philadelphia, Pennsylvania.  The Clinic offers a variety of reproductive health care for both men and women, including birth control, annual gynecological examinations, cervical cancer screenings, sexually transmitted diseases testing, termination of pregnancies, and other reproductive health services. The Planned Parenthood is frequently the target of lawful protest activity related to aspects of the reproductive health care services the Clinic provides.  The Clinic's staff includes health care

professionals, administrative employees, security personnel, maintenance workers, and volunteer escorts.

Defendant Mark Houck is a pro-life activist who frequently protests at Planned Parenthood. Defendant Houck is well known to the Planned Parenthood staff, including its volunteer escorts, who have described Defendant Houck as especially "aggressive" compared to others who similarly protest at the Clinic. Defendant Houck often protests near the Planned Parenthood entrance, where he approaches the Clinic's patients and attempts to engage and encourage them against receiving reproductive health services at the Clinic. He often attempts to lead patients away from the Clinic and to a nearby pregnancy counseling center. At times, Defendant Houck brought his minor child(ren) to the Planned Parenthood to protest with him.

B.L. was a 72-year-old patient escort at the Planned Parenthood, who had volunteered in that capacity at the Clinic for approximately 30 years. B.L.'s responsibilities as a volunteer escort included security and support services such as assisting patients with parking, and with walking to and from the Clinic during active protests. Historically, Defendant Houck has had adversarial encounters with B.L., which included verbal exchanges and intentional physical contact. One of those prior adversarial encounters included an assault, which is the subject of the Government's pending motion to admit evidence pursuant to Federal Rule of Evidence 404(b). (*See* ECF No. 20).

On October 13, 2021, while B.L. was working as a volunteer escort at the Planned Parenthood, Defendant Houck twice assaulted B.L. The initial assault involved Defendant Houck forcefully shoving B.L. to the ground as B.L. attempted to escort two Planned Parenthood patients away from the Clinic and Defendant Houck, who was protesting at the Planned Parenthood that day with his minor son. That initial assault occurred a short distance away from the Planned

Parenthood and it did not result in B.L. suffering bodily injury. A short time later, Defendant Houck began to yell at B.L. as the two men stood at the street corner near the Planned Parenthood's entrance. Defendant Houck then forcefully shoved B.L. a second time, causing B.L. to fall to the ground and suffer bodily injury. This second assault that occurred near the Planned Parenthood's entrance was video recorded by a security camera.

## II.    OVERVIEW OF THE CHARGED STATUTE

The Indictment charges Defendant Houck with two counts of violating the FACE Act, which was enacted in 1994 to combat the then-escalating violence that targeted reproductive-health care patients and providers. The statute protects victims from violence and obstructive conduct aimed to injure, intimidate, or interfere with access to or provision of reproductive-health care.

The Indictment alleges that on October 13, 2021, Defendant Houck used force against B.L. on two separate occasions in order to injure, intimidate, and interfere with B.L., and attempted to injure, intimidate, and interfere with B.L., because B.L. was and had been providing reproductive health services, and in order to injure, intimidate, and interfere with B.L. from providing reproductive health services. Specifically, Count One of the Indictment alleges that Defendant Houck initially shoved B.L. to the ground forcefully as B.L. attempted to escort two Planned Parenthood patients. Count Two alleges that Defendant Houck later verbally confronted B.L. and forcefully shoved him to the ground in front of the Clinic, which resulted in B.L. suffering bodily injury. The Indictment further alleges that B.L routinely wore a bright colored vest that clearly identified him as a Planned Parenthood volunteer escort, and that Defendant Houck was familiar with B.L. and was aware of his status as a provider of reproductive health services at the times of the offenses.

## III. **ELEMENTS OF THE OFFENSES**

The Indictment charges Defendant Houck with two counts of violating 18 U.S.C. § 248(a)(1). The elements of 18 U.S.C. § 248(a)(1) are as follows:

1. Defendant Houck used force;

2. Defendant Houck intentionally injured, intimidated, or interfered with B.L., or attempted to do so; and

3. Defendant Houck acted as he did because B.L. was, or had been, providing reproductive health services, or Houck acted as he did to keep B.L. from providing reproductive health services.

A FACE Act violation is misdemeanor offense except in the case where a charged defendant has a prior FACE Act conviction or the offense results in bodily injury or death, which enhances the offense to a felony violation. Here, Count Two of the indictment alleges that the offense resulted in bodily injury to B.L., which is a fourth element of a Section 248(a)(1) violation that the Government must prove beyond a reasonable doubt. 18 U.S.C. § 248(b)(2).

The FACE Act further provides statutory definitions, under subsection (e), including:

(i) Interfere with – means to restrict a person's freedom of movement;

(ii) Intimidate – means to place a person in reasonable apprehension of bodily harm to him- or herself or to another;

(iii) Reproductive health services – means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services related to pregnancy or the termination of a pregnancy.

4

Although the FACE Act does not define "who" is a provider of reproductive health services, case law has established that volunteers and employees at a reproductive health care clinic are considered "provide[rs of] reproductive health services." *United States v. Dinwiddie*, 76 F.3d 913, 926-27 (8th Cir. 1996); *see also United States v. Scott*, 187 F.3d 282, 285 (2d Cir. 1999) ("clinic escorts provide[d] reproductive health services.").

Proving a violation of the FACE Act requires the Government to prove beyond a reasonable doubt that Defendant Houck committed the prohibited acts *because* B.L. was, or had been, providing reproductive health care services, or to keep B.L. from providing reproductive health services in the future. This means that the Government must prove that B.L.'s status as a reproductive health care provider was a motivating factor, albeit not the sole reason, for Defendant Houck's assault.

In *Burrage v. United States,* the Supreme Court explained that a "because of" element requires proof of "but for" causation. 571 U.S. 204, 211 (2014). The Court further explained, in *Bostock v. Clayton County,* that "events have multiple but-for causes," and the "but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." 140 S.Ct. 1730, 1739 (2020). "[I]t has no significance here if another factor . . . might also be at work, or even play a more important role in the [defendant's decision to act]." *Id.*, at 1744. Accordingly, Circuit Courts have upheld the use of a mixed motive jury instruction in criminal cases, including civil rights prosecutions. *See, e.g.*, *United States v. George*, 949 F.3d 1181, 1187 (9th Cir.), *cert. denied*, 141 S. Ct. 605, (2020) ("But-for causation is a relatively undemanding standard: a but-for cause of a harm can be anything without which the harm would not have happened."); *United States v. Porter*, 928 F.3d 947, 956 (10th Cir. 2019) (affirming hate crime conviction obtained pursuant to 42 U.S.C. § 3631, which like 18 U.S.C. § 249, requires

proof that the defendant acted "because of" race and holding "the jury instructions here required the Government to prove the defendant would not have acted but for the victim's occupancy of his home and the victim's race or color. To sustain a conviction under § 3631, [the victim's] race must have been a necessary motivation but not the sole motivation" for the assault); *United States v. Miller*, 767 F. 3d 585, 591-594 (6th Cir. 2014) (discussing the motive element and the "but for" requirement of the federal hate crime statute which prohibits "willfully caus[ing] bodily injury to any person . . because of the actual or perceived . . . religion . . . of [that] person," finding that "[f]or an assault to be a federal hate crime, the victim's protected characteristic must be a but-for cause behind the defendant's decision to act.").

As part of the prosecution's case, the Government intends to introduce prior acts evidence, pursuant to Federal Rule of Evidence 404(b), to establish Defendant Houck's motive for committing the charged offenses. The Government seeks to introduce this additional evidence to prove that Defendant Houck has established a pattern of activity that demonstrates his intent to injure, intimidate, and interfere with B.L. because he had been and while he was providing reproductive health services. The fact that the Government must establish the FACE Act's motive element does not mean, however, that Defendant Houck may introduce evidence about the righteousness of his anti-abortion views, which is irrelevant to any element of the offense or to any legally available defense. Therefore, Defendant Houck should not be allowed to present evidence, or to argue, about the validity of his views.

IV. <u>**TRIAL EVIDENCE**</u>

The Government intends to prove the elements of each of the charged offenses through victim and eyewitness testimony, photographs of B.L.'s injuries, and video footage of the assault alleged in Count Two that was recorded by the Clinic's security camera. Additionally, as

mentioned above, the Government has provided notice and will seek this Court's permission to present "other acts" evidence, pursuant to Federal Rule of Evidence 404(b), to prove Defendant Houck's motive. The Rule 404(b) evidence concerns a prior incident where Defendant Houck used force against B.L. while B.L. was providing volunteer escort services at the Planned Parenthood. The Government intends to present the Rule 404(b) evidence through the testimony of B.L and an eyewitness to that prior assault.

B.L. will testify that on October 13, 2021, Defendant Houck shoved him to the ground twice while B.L. was working as a Clinic volunteer escort. On this particular day, Defendant Houck had brought his minor-son with him while Houck was protesting at the Planned Parenthood. B.L. will testify that the first assault occurred in the 1200 block of Locust Street, which was outside of the Clinic security camera's range, while the second assault that resulted in bodily injury occurred nearby the Clinic's entrance and was video recorded.

During the first assault, Defendant Houck pushed B.L. to the ground as he attempted to escort two patients who had exited the Clinic away from Defendant Houck, who was following the patients and attempting to engage with them. The Government anticipates B.L. will testify that he told the patients they did not have to listen to Defendant Houck. B.L. will also testify that shortly after the first assault, Defendant Houck forcefully shoved him to the ground a second time after yelling at him for standing near the street corner where Defendant Houck and his son were protesting. B.L. will testify that as he approached the intersection of Locust and 12th Streets to see if there were any potential Clinic patients approaching, Defendant Houck and his son were at the same street corner. Defendant Houck yelled at B.L. as he approached the corner. Eventually, as B.L. walked away from Defendant Houck, Houck pursued B.L., touched B.L.'s back, causing B.L. to turn around. Defendant Houck immediately used his hands and pushed B.L.'s chest, which

caused him to fall to the ground. B.L.'s fall resulted in bodily injury.

If permitted by this Court, B.L. will further testify about the prior assault he endured at the hands of Defendant Houck, which occurred several months earlier, on May 26, 2021, as B.L. worked as an escort and Defendant Houck protested at the Clinic. Defendant Houck shoved B.L. on his chest because B.L. would not allow Houck to enter onto Clinic property.

The Government intends to call eyewitnesses who will corroborate B.L.'s testimony that Defendant Houck assaulted B.L. twice on October 13, 2021. E.W. – another Clinic volunteer escort – will testify that she witnessed Defendant Houck's initial assault as charged in Count One. E.W. and two other citizens, T.D. and S.J., later saw Defendant Houck assault B.L. a second time, which caused B.L. to suffer bodily injury, as charged in Count Two.

The second assault charged in Count Two of the indictment was video recorded by the Clinic's security camera, and that footage will further corroborate the eyewitnesses' testimony. Although the footage is silent (the security camera does not have a microphone that captured sound), it clearly showed Defendant Houck assaulting B.L.

The Government further intends to call an additional eyewitness to corroborate B.L.'s testimony concerning the Rule 404(b) incident. K.W. was a Clinic volunteer escort who was working with B.L. on May 26, 2021, and she observed Defendant Houck shove B.L. on the chest after B.L. stopped Houck from entering onto Clinic property.

## V.   **TRIAL EXHIBITS**

The Government expects to present three trial exhibits. The first exhibit is the aforementioned video footage of the FACE Act assault charged in Count Two. USA Exhibit No. 1. The second exhibit is a group of two photographs showing B.L.'s injuries that he sustained as a result of the second alleged assault. USA Group Exhibit No. 2. The third exhibit is a group of

seven photographs of the scene where the charged offenses occurred.  USA Group Exhibit No. 3.

The Government's Group Exhibits two and three are provided below.

| USA Exhibit No. | USA Exhibit |
|---|---|
| 2A | |
| 2B | |
| 3A | |

| | | |
|---|---|---|
| 3B | | |
| 3C | | |
| 3D | | |

| | | |
|---|---|---|
| 3E | |  |
| 3F | | |
| 3G | | |

## VI.    SIGNIFICANT ISSUES

The Government has filed a notice of its intent to introduce prior acts evidence pursuant to Federal Rule of Evidence 404(b).  (ECF No. 20).  The Government has also filed a consolidated motion in limine that Defendant Houck opposes.  (ECF No. 21).  The Government does not

anticipate any other significant issues.

Respectfully submitted,

JACQUELINE C. ROMERO
UNITED STATES ATTORNEY

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

*/s/ Sanjay H. Patel*
SANJAY H. PATEL
Trial Attorney
Criminal Section
Civil Rights Division
4 Constitution Square
150 M St. NE, 7.121
Washington, D.C. 20530
Email: Sanjay.Patel@usdoj.gov

ANITA EVE
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
Email: AEve@usdoj.gov

## CERTIFICATE OF SERVICE

SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the Government's trial memorandum has been electronically filed and accordingly served upon attorneys for the Defendant.

_/s/ Sanjay Patel_
Sanjay H. Patel
Trial Attorney
Criminal Section, Civil Rights Division
U.S. Department of Justice