IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-323 (GJP) |
| MARK HOUCK | : | |

## PROTECTIVE ORDER

AND NOW, this 9th day of January 2023, after reviewing the Government's Motion for a Protective Order concerning the disclosure of discovery material to defendant MARK HOUCK, in light of the confidential and sensitive information that may be disclosed to the defendant pursuant to the Government's discovery obligations,

IT IS HEREBY ORDERED:

1. Any and all discovery material the United States produces to the defendant in discovery shall be reviewed by only (i) the defendant; (ii) the defendant's attorney or attorneys of record in this case; (iii) employees or agents of those attorneys: (iv) a photocopying or data processing service to whom it is necessary that the defendant provide the materials for the purposes of preparation, trial, direct appeal (if any); and collateral attack (if any) of this case; (v) witnesses or potential witnesses; and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case. No discovery material or copies of any discovery material shall be provided to any individual or entity except as provided herein or as further ordered by the Court. Nor shall the contents of any discovery material be disclosed, in any other manner, to any individual or entity except

as provided in this Order or as further ordered by the Court.

2. The defendant shall use discovery material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of any discovery material shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the defendant or his attorneys of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party.

4. Upon notification and direction by the United States to defense counsel within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the United States and any duplicates made for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the United States or destroyed by the defendant, unless the Court (or Government) gives specific written permission for an exception to this requirement.

5. This Order also applies to any and all individuals to whom the defendant, pursuant to this Order, show or disclose the contents or substance of any material produced to them by the United States. By signing and dating a copy of this Order, any person or entity that receives copies of any material produced, or to whom the contents of such material is otherwise disclosed, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

                IT IS SO ORDERED.

                _____
                GERALD J. PAPPERT
                United States District Judge

Dated: 1/9/23