# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| MARK HOUCK | NO. 22-323 |

## ORDER

Jury selection begins January 24 and the Defendant filed two motions *in limine,* both of which are **DENIED** without prejudice.

**ECF 22**: Houck moves to preclude the Government from introducing "evidence of his religious beliefs and practices," namely:

1.) Houck's religious beliefs "beyond the mere fact that he is Catholic;"

2.) That he attended Catholic University;

3.) That he is "pro-life and adheres to the teachings of the Catholic Church regarding the sanctity of life, including his statements on these issues;"

4.) Houck's adherence to the teachings of the Catholic Church "regarding issues of sexual morality, including on issues of pornography;" and

5.) Houck's "leadership of a men's ministry beyond his leadership of a men's ministry."

In its Response (ECF 30), the Government represents that it will not seek to introduce "any of the evidence delineated by the defendant…," so the Motion is moot.

**ECF 23**: Houck moves to preclude the Government from introducing evidence of the following, which Houck contends "does not bear on the case:"

1.) Houck's college football career or any other "evidence of athleticism;"

2.) Houck's lawful possession of any "weapons and tools," including a pocketknife, which he apparently possessed on the day of the charged conduct;

3.) The "propriety" of his son being with him on the day of the charged conduct;

4.) A "purported federally protected right to abortion;"

5.) "Threats and harms" to "abortion clinic workers" by people other than Houck;

6.) The FACE Act's legislative history, including "events leading to its passage;" and

7.) The characterization of Houck as a "protestor," including any "implication that his presence at the clinic in question was in any way wrongful or improper."

The Motion is moot because in its Response (ECF 31), the Government again represents that it does not intend to introduce in its case-in-chief "any of the evidence delineated by the defendant…."

The Government does request, however, to discuss with the Court acceptable characterizations and descriptions of the Defendant as well as the Clinic. The Court and all counsel will have those discussions at the January 17 final pretrial conference, where appropriate terminology on these, and presumably other topics, will be decided before trial begins.

BY THE COURT:

*/s/ Gerald J. Pappert*    1/11/23
GERALD J. PAPPERT, J.