IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 22-CR-323 (GJP) |
| MARK HOUCK | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S SELF DEFENSE JURY INSTRUCTION AND MOTION *IN LIMINE* FOR PRETRIAL HEARING ON DEFENDANT'S BASIS FOR JUSTIFICATION DEFENSE**

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Ashley N. Martin, Assistant United States Attorney for the district, and Sanjay H. Patel, Trial Attorney for the Civil Rights Division, file this motion in opposition to the defendant's proposed justification defense jury instruction and respectfully requests that the Court conduct a pretrial hearing for defendant to make an offer of proof regarding his anticipated justification defense.

I. FACTUAL BACKGROUND

On October 13, 2021, the defendant twice-assaulted B.L.[1], a 72-year-old volunteer patient escort, while protesting outside the Planned Parenthood – Elizabeth Blackwell Health Center ("PPC"), in violation of the Freedom of Access to Clinic Entrances Act (FACE Act). During the first unprovoked attack, the defendant, who was protesting outside of the facility with his son, attempted to approach two PPC patients who were leaving the facility while B.L. simultaneously attempted to escort them away from the facility and the defendant. As the defendant attempted to speak to the patients, B.L. told the patients that they did not need to listen

---

[1] Although the defendant has identified B.L. by name in his public filings, the government will continue to protect B.L.'s identity by referring to him by his initials.

1

to the defendant and reminded them they could "tell him to go away." The defendant then shoved B.L., with force, knocking him off balance. Despite the defendant's efforts, B.L. was not physically injured.

B.L. continued to perform his duties until, a short time later, he was again confronted by the defendant, this time just outside the entrance to the facility on a nearby street corner. As B.L. approached the corner to look for incoming patients, as he often does and as is part of his job, the defendant, who was standing on the corner, immediately began yelling and pointing at B.L.

B.L. approached the corner with his hands on his hips (where they remained throughout the interaction). B.L. then stood with his back against the building for approximately 35 seconds, approximately 5-10 feet away from the defendant. During this time, the defendant remained on the corner; the defendant's son was standing on the other side of the defendant – closer to the street. B.L. then moved off the wall, into the middle of the sidewalk (but no closer to the defendant or the defendant's son), and then turned back toward the PPC. At that moment, the defendant started yelling and pointing at B.L. again. The defendant advanced toward B.L. as

  

B.L. was walking toward the PPC. The defendant got behind B.L. and yelled in his ear, pointing over B.L.'s right shoulder.

B.L. then turned around and took two steps toward the corner; the defendant quickly advanced on B.L. The defendant, using both hands, shoved B.L. squarely in the chest, knocking him to the ground.

   

The defendant's son is not visible in any of the video footage during this incident (he is briefly visible prior to the incident, but not during the incident, nor is he anywhere near where the defendant shoved B.L. to the ground. B.L. suffered injuries to his arm, hands, and hips. B.L.'s head almost collided with the brick wall of the building.

The entirety of the second incident is captured on video, as shown in screenshots above. Significantly, at no time did B.L. ever touch the defendant, approach the son, or speak to the son. Instead, the video shows that the defendant, who is considerably larger than B.L., shoved B.L., who is 25 years older than the defendant.

3

On January 5, 2023, the defendant filed proposed jury instructions with the Court. (ECF No. 43). Without sufficient factual or legal basis, the defendant proposes a misleading jury instruction purporting to instruct the jury on the issue of self-defense that misstates the law.[2] (ECF No. 43). Because the Defendant's Proposed Jury Instruction No. 23 misstates the law from another Circuit, and because the defendant cannot meet the elements to support a justification defense as required by the Third Circuit, the jury should not be instructed on the issue.

## II.    A PRETRIAL HEARING IS NECESSARY

The defendant apparently seeks to assert a justification defense; however, as discussed below, the evidence cannot support this defense. The government has reason to believe that the basis for this affirmative defense is that the defendant was in some way threatened by B.L. and was acting in defense of either himself or his son. With that basis, the defendant likely may argue that he was justified in preventing an attack on him by attacking B.L., for the purpose of saving his life or his son's life.[3]

Before the defendant may present such a defense, a pretrial hearing is necessary, because the defendant must establish by a preponderance of the evidence that he can satisfy the elements of the justification/necessity defense. *United States v. Nwene*, 20 F. Supp. 2d 716, 721-22) (D.N.J.). "If the defendant's offer of proof is insufficient as a matter of law to support the proffered defense, then the trial court should exclude the defense and the evidence offered in support." *United States v. Arrellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). The

---

[2] Defendant's Proposed Jury Instruction 18, 19, 20, 21, and 22 equally misstate applicable law. Because the Government filed its own Proposed Jury Instructions addressing these areas of the law, they are not addressed here. The Government is prepared to address any additional issues related to these instructions, if necessary, after reviewing the Court's proposed instructions.

[3] The Government is not aware of any purported basis for a justification defense as to the first incident.

government submits that, even if viewed in the light most favorable to him, the defendant cannot support a justification defense, and the government respectfully requests that the Court preclude the defendant from presenting any evidence relevant only to his justification defense. "A court may rule on a pretrial motion to preclude a defendant from presenting [an affirmative] defense where the government contends that the evidence in support of that position would be legally insufficient." *United States v. Miller*, 59 F.3d 417, 421 n.1 (3d Cir. 1995) (barring duress defense pretrial when defendant lacked evidence to support such a defense); *see also United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998) (district court did not err in precluding evidence of justification defense where defendant-inmate had not shown evidence of an imminent threat or an absence of lawful alternatives); *United States v. Alston*, 526 F.3d at 98 (district court did not err in granting the government's motion in limine to preclude a justification defense where the defendant "ha[d] not presented evidence that he was under a present threat of death or bodily harm, that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm, or that he had no reasonable legal alternative"); *United States v. Kamara,* 304 F. App'x 959, 960 (3d Cir. 2008) (not precedential) (district court did not err in granting the government's motion in limine to preclude a justification defense where the defendant failed to adduce sufficient evidence that he would face imminent harm upon his return to Sierra Leone); *United States v. Flores-Santos*, 269 F. App'x 196, 198 (3d Cir. 2008) (not precedential) (district court did not err in ruling pretrial that defendant could not present a justification defense where defendant failed to produce any evidence in support of his subjective fear of returning to El Salvador).

### a. The Defendant Cannot Establish the Elements Necessary to Establish a Justification Defense

The justification defense embodies the fundamental principle that "if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also avoid the threatened harm, the defenses would fail." *United States v. Paolello*, 951 F.2d 537, 540 (3d Cir. 1991), *citing United States v. Bailey*, 44 U.S. 394, 410 (1980) (internal punctuation omitted). In this case—where the defendant, who was on a public street, must allege that he had no other alternative than violence and that his actions were necessary to prevent a perceived life-threatening physical attack from a 72-year-old man—it is the defendant's burden to establish pretrial that he can satisfy all the elements of the defense. *Nwene*, 20 F. Supp. 2d at 721; *see also*, *United States v. Dicks*, 338 F.3d 1256, 1258 (11th Cir. 2003) (burden on defendant to prove defense of justification). To succeed in presenting a justification defense, the defendant must prove the following elements by a preponderance of the evidence:

> First, that [the defendant] was under an immediate, unlawful threat of death or serious bodily injury to [himself] or to others;
>
> Second, that [the defendant] had a reasonable belief that the threat would be carried out if he did not commit the offenses;
>
> Third, that [the defendant's] criminal action was directly caused by the need to avoid the threatened harm and that [the defendant] had no reasonable, lawful opportunity to avoid the threatened harm without committing the offenses; that is, that [the defendant] had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and
>
> Fourth, that [the defendant] had not recklessly placed himself in a situation in which he would be forced to engage in criminal conduct.

*See Third Circuit Model Jury Instructions* (Criminal) 8.04. The evidence must be viewed in the light most favorable to the defendant. *Paolello*, 951 F.2d at 542. All elements of the justification

defense must be met before the defendant may avail himself of the defense. *Nwene*, 20 F. Supp. 2d at 721.

The defendant cannot establish that he or his son were under threat of death or serious bodily injury at the hands of a 72-year-old man when the defendant shoved B.L. to the ground. The same is true as to the first incident, which did not occur anywhere near the defendant's son. Similarly, the defendant cannot purport to show that he had a reasonable belief that the threat of death or serious bodily injury was so imminent that he had to shove B.L. to the ground to prevent it, as is required by the second element of the defense.

Even assuming *arguendo* that the defendant reasonably believed he or his son would die or be otherwise seriously injured had he not shoved B.L., his defense fails. To establish the third element, the defendant must show that he had no lawful opportunity to retreat or avoid the threatened harm. Here, the defendant was on a public street and free to walk away. Accordingly, the defendant cannot establish the third element required to avail himself of the defense.

Finally, because the defendant was clearly the initial aggressor based on the video evidence, he cannot establish the fourth element of the defense. To establish the fourth element, the defendant must show that he did not recklessly place himself in a situation where he was required to shove B.L. Certainly, the defendant cannot meet the final element.

The defendant escalated what appears to, at best and in the light more favorable to him, be a verbal argument that he initiated into a physical one. By engaging with B.L. in a verbal dispute, and escalating it to a physical one, the defendant fails the fourth prong. The defendant cannot establish with any specificity when he faced the alleged harm or the legitimacy of it. Even if the defendant can establish one or more of these prongs, he certainly cannot satisfy all four prongs, and therefore the defense must be precluded.

### b. A Pretrial Hearing is Appropriate for Defendant to Provide an Offer of Proof

Pursuant to Federal Rule of Evidence 104(a), a pretrial hearing is the appropriate forum for the Court to address preliminary questions of admissibility and for defendant to present evidence supporting a justification defense. Under Rule 104(b), when "the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or submit to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." The government maintains that the evidence supporting a justification defense is insufficient and should be barred under Rules 401 and 402 because the evidence does not go toward a fact of consequence in this case.

In this case, because the facts supporting the defense are within the defendant's personal knowledge, *i.e.*, only he knows why he attacked B.L., the defendant is likely a witness and a pretrial hearing is required under 104(c). *See also*, *Nwene*, at 722. Similarly, if the defendant can establish such a defense, the government may need additional documentation and witnesses.

Accordingly, because the defendant cannot sustain his burden, the government respectfully requests a pretrial ruling precluding such a defense following a pretrial hearing, or alternatively asks the Court to hold the decision on whether the defendant has sustained his burden under advisement and instruct defense counsel not to reference such a defense in opening statement or cross examination until the Court's ruling.

### III. THE DEFENDANT'S PROPOSED JURY INSTRUCTION IS MISLEADING AND MISSTATES THE LEGAL STANDARD

The defendant apparently seeks to overcome his flawed factual basis for the defense by mischaracterizing and misstating the law. Although, as stated above, the Third Circuit has issued a model jury instruction on the issue, the defendant seemingly ignores that instruction and

instead asks the Court to read an instruction that misstates the law and is unsupported by any legal authority. (ECF No. 43). The defendant proposed the following instruction to the Court:

> There has been evidence introduced that the defendant acted in self-defense of his son. The law recognizes that the right of a person who is not the aggressor to stand his ground and use force to defend himself or another. However, he may use only such force as is reasonably necessary to defend himself or another person against the imminent use of unlawful force.
>
> You are reminded that the burden of proof remains at all times on the government and that the defendant need not call any witnesses, nor offer any evidence, Thus, before you may convict, you must find beyond a reasonable doubt that the government has satisfied its burden of proving that the defendant did not act in self-defense. Therefore, if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty.

ECF No. 47. The defendant cites to First Circuit Pattern Criminal Jury Instruction 5.04 as authority for his proposed instruction, however the proposed instruction bears little resemblance to its purported source. [4] *Id*. Accordingly, even if the defendant can sustain his factual burden—which he cannot—his proposed instruction fails, and the Third Circuit instruction on the issue should be provided.

### IV. CONCLUSION

Because the facts supporting a justification defense are within the defendant's knowledge, and for the reasons stated above, the government respectfully requests that the Court conduct a pretrial hearing and obtain from the defendant an offer of proof regarding the basis of a justification defense. If, as expected, the defendant's offer of proof fails to meet all or even one

---

[4] The First Circuit Pattern Criminal Jury Instruction 5.04 states:

> Evidence has been presented that [defendant] acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary in the circumstances.
>
> The government has the burden of proving that [defendant] did not act in self-defense.

9

of the prongs of the justification defense, the government further requests that any reference to the defense be precluded pretrial, or in the alternative, that the Court hold the issue under advisement until the conclusion of the evidence and instruct the parties not to address the issue with the jury until such ruling.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


  s/Ashley N. Martin
ASHLEY N. MARTIN
Assistant United States Attorney

SANJAY H. PATEL
Trial Attorney, Civil Rights Division

## **CERTIFICATE OF SERVICES**

      I hereby certify that a true and correct copy of the enclosed motion has been electronically filed and according served upon attorneys for the Defendant.

                                                   s/Ashley N. Martin
                                                 ASHLEY N. MARTIN
                                                 Assistant United States Attorney

DATE:  January 22, 2023