# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| MARK HOUCK | NO. 22-323 |

## **ORDER**

**AND NOW**, this 20th day of July 2023, upon consideration of Mark Houck's Motion to Dissolve and/or Modify Protective Order (ECF 81) and the Government's response thereto (ECF 85), the Motion is **DENIED**.[1]

---

[1] Two weeks before trial, the Court approved a standard protective order concerning the disclosure to Houck of confidential and sensitive discovery material. (ECF 49.) Houck did not oppose the Order's entry. Following his acquittal, Houck moved to dissolve or modify the Protective Order. Pursuant to that Order, "upon notification and direction by the United States to defense counsel within 60 days following the conclusion of these proceedings . . . the discovery material . . . should be returned to the United States or destroyed by the defendant." (Order ¶ 4.) In its Response, the Government stated that "the defendant must comply with the requirements of the protective order and destroy or return the discovery . . . ." (Gov't Resp. 4.) The Court interprets this to mean that Houck's obligations under paragraph four of the Order were triggered prior to Houck filing this Motion. Even if they were not, the Response itself constitutes notification and direction by the United States that the discovery material had to be returned or destroyed. Because the Government directed Houck's compliance with the Order and it has now been more than sixty days since judgment was entered (ECF 70), Houck's request is denied as moot.

The Motion fails on the merits as well. Dissolution or modification of a protective order is governed by the "good cause" standard. *United States v. Wecht*, 484 F.3d 194, 211–12 (3d Cir. 2007) (citing Fed. R. Crim. P. 16(d); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994)). Good cause exists for maintaining this Order; significant privacy interests remain with respect to the identities of witnesses and the secrecy of grand jury proceedings. *See Douglas Oil Co. of Cal. v. Petrol Stops Northwest,* 441 U.S. 211, 218–19, 218 n.9 (1979). Maintaining this Order will minimize further harassment of witnesses who testified and save those who didn't from similar treatment. *See* (Gov't Resp. 3–4).

Houck's spoliation of evidence concerns are misguided; 44 U.S.C. § 3301 *et seq.* governs the maintenance of all government records. His invocation of the public interest is similarly unpersuasive. The evidence used to prosecute Houck in open court is part of the judicial record and, indeed, has been made public. (Gov't Resp. 11). But Houck has not pointed to any authority establishing the public's general right to access criminal discovery beyond the judicial record. And any interest his counsel may have in "assist[ing] attorneys for others," or the legal community may have in writing "law review or bar journal articles on the matter" does not overcome the privacy interests stated above.

BY THE COURT:

*[signature]*
_____
GERALD J. PAPPERT, J.